Honorable L. Alvis Vandygriff Commissioner Texas Savings and Loan Department P. O. Box 1089 Austin, Texas 78767
Re: Cumulative voting at annual meetings of savings and loan associations.
Dear Mr. Vandygriff:
You have requested our opinion as to whether a member of a savings and loan association may cumulate his votes where the association's charter and bylaws do not address the subject of cumulative voting.
Section 3.06 of article 852a, V.T.C.S., the Savings and Loan Act, provides, in pertinent part:
 In the absence of any bylaw provision to the contrary, in the determination of all questions requiring action by the members, each member shall be entitled to cast one (1) vote by virtue of his membership, plus an additional vote for each share or fraction thereof of the Permanent Reserve Fund Stock of the association, if any, owned by such member, and an additional vote for each One Hundred Dollars ($100) or fraction thereof the withdrawal value of savings accounts, if any, held by such member.
The Texas Business Corporation Act, which authorizes the practice of cumulative voting, is not applicable to savings and loan associations, except to the extent that the Savings and Loan Act
 contain[s] no provisions in regard to some of the matters provided for in this Act . . . .
Bus. Corp. Act art. 9.14. Thus, we must determine the extent to which article 9.14 is applicable to the practice of cumulative voting by members of a savings and loan association.
This question was resolved with regard to banks in Robertson v. State, 406 S.W.2d 90 (Tex.Civ.App.-Fort Worth 1966, writ ref'd n.r.e.). In that case, the court found that, although the banking statutes do not specifically either validate or prohibit cumulative voting, they do `contain specific provisions pertaining to the election of directors,' which provisions are, for our purposes, virtually identical to those of article 852a. Id. at 92. The court held that cumulative voting was, in fact, inconsistent with and repugnant to the provisions of the Texas Banking Code pertaining to the election of directors.' Id. at 93.
Robertson was premised largely upon a statement in article 342-101 of the Texas Banking Code, which declares the Code to be `a complete system of laws governing the organization, operation, supervision, and liquidation of state banks.' Because of this declaration, the court found `no cause to supplement [the Code's] provisions with those of a separate act.' 406 S.W.2d at 93-94. Although the Savings and Loan Act does not itself contain any provision as to its completeness, the caption states that it is
 [a]n act arranging the Statutes of this State affecting savings and loan associations and their operations in appropriate Chapters and Sections into a consistent whole and under a single Act . . .
(Emphasis added). Acts 1963, 58th Leg., ch. 113, at 269. In our opinion, this statement as to the completeness of article 852a furnishes ample basis for concluding that the answer to your question is controlled by the court's decision in Robertson. It is thus our view that, in the absence of any bylaw provision to the contrary, a member of a savings and loan association may not cumulate his votes.
 SUMMARY
In the absence of any bylaw provision to the contrary, a member of a savings and loan association may not cumulate his votes.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee